1
2
3
4
5
6
7
8

9          **UNITED STATES DISTRICT COURT**

10         **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  RICHARD LELAND NEAL,              )     Civil No. 06cv0055 J (JMA)
                                      )
13              Plaintiff,            )
                                      )     **ORDER GRANTING**
14        v.                          )     **DEFENDANTS' MOTION FOR**
                                      )     **SUMMARY JUDGMENT [Doc. No.**
15  RIC JUAREZ et al.,                )     **58, 76.]**
                                      )
16              Defendants.           )
                                      )
17  _____)

18        Before the Court is pro se Plaintiff Richard Leland Neal's ("Plaintiff") Motion for

19  Summary Judgment against all Defendants [Doc. No. 57], and Defendant WMC Mortgage

20  Corp.'s ("WMC") Cross-Motion for Summary Judgment [Doc. No. 58].  Defendants Ric Juarez

21  ("Juarez"), Josie Molina ("Molina"), Loanstar Mortgagee Services, LLC ("Loanstar"), and

22  Mortage Electronic Registration Systems, Inc. ("MERS") have joined Defendant WMC's Cross-

23  Motion for Summary Judgment.  [Doc. No. 76.]  The case is now fully briefed and ready for

24  disposition on the merits.[1]  [Doc. Nos. 60, 62, 64-67, 72, 73, 76, 77, 79, 81-83, 87, 89-91, 93, 95,

25

26        _____

        [1] Plaintiff has also filed an Ex Parte Application to File Supplemental Documents in Support of
27  the Motion for Summary Judgment.  [Doc. No. 117.]  Plaintiff wishes to file Defendants' Responses to
    Plaintiff's Request for Discovery, a supplemental affidavit, and a supplemental memorandum of points
    and authorities.  (*See* Ex Parte App.)  While Defendants are largely correct that Plaintiff's supplemental
28  documents do not add substantive arguments or provide supporting evidence, the Court, nevertheless,
    **GRANTS** Plaintiff's application in the interest of deciding the instant Motions on the merits by
    considering all of the available documentation.

97.]  The Court has determined that the issues presented herein are appropriate for decision without oral argument.  *See* S.D. Cal. Civ. R. 7.1(d)(1).  For the reasons discussed herein, the Court **GRANTS** Defendants' Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

### *Background*

The following facts are either stipulated, supported by affidavit or deposition testimony, or uncontroverted.  The Court excludes factual assertions that are immaterial or that are conclusions of law rather than statements of fact.

In 2004, Patrick M. Arrundale ("Arrundale"), a non-party to the present action, took a loan for more than $440,000 from WMC in connection with his acquisition of real property located at 3611 Vista Bernardo, Oceanside, California ("the subject property").  (*See* Boysen Decl. at 1.)  As part of the loan, Arrundale executed a promissory note in the amount of $440,000 and a deed of trust ("first deed of trust") on the subject property securing the note.  (*See* Boysen Decl. at 2; Exs. B, C.)  Arrundale defaulted on the promissory note, and notice of default was served and recorded on September 27, 2005.  (*See* Boysen Decl. at 2; Sconyers Decl. at 2; Ex. D.)

Plaintiff, however, alleges to have acquired title to the subject property by a quitclaim deed recorded on November 22, 2005.  (*See* Compl. ¶ 40; Ex. 2.)  Plaintiff did not pay any money for the title to the subject property.  Rather, Plaintiff alleges to have acquired the property in return for a "promis[e] to file an action against the defendants and return the money wrongfully taken by the defendants for Patrick Arrundale."  (Ex. G, Interrog. Resp. No. 8.)

To date, neither Plaintiff nor any other person has tendered payment to cure the default.  (*See* Sconyers Decl. at 3.)  On January 4, 2006, a notice of the trustee's sale of the subject property was recorded.  (*See* Sconyers Decl. at 2; Ex. E; Compl., Ex. 3.)  On January 20, 2006, the trustee's public auction took place as scheduled in the notice of sale.  (*See* Sconyers Decl. at 2; Ex. F.)  At the public auction, the subject property was sold to Property Asset Management, Inc. for $470,586.16.  (*See* Sconyers Decl. at 2; Ex. F.)  The trustee's deed upon sale was recorded on May 19, 2006.  (*See* Sconyers Decl. at 2; Ex. F.)

On January 11, 2006, Plaintiff filed this action under diversity jurisdiction.  Plaintiff alleges two causes of action against Defendants.  Plaintiff claims that Defendants made fraudulent misrepresentations to Arrundale in connection with the 2004 loan transaction.  (*See* Compl. at 7-13, 20-21.)  Plaintiff also brings a claim to quiet title to the subject property against Defendants and their assignees.  (*See* Compl. at 14-19, 22-23.)

### *Legal Standard*

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure on "all or any part" of a claim where there is an absence of a genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  *See Celetox*, 477 U.S. at 323-24.  A fact is material when, under the governing substantive law, the fact might affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).  A dispute about a material fact is genuine if  "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  When making its determination, the Court must view all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion.  *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 323.  If the moving party has the burden of proof at trial, that party must carry its initial burden at summary judgment by presenting evidence affirmatively showing, for all essential elements of its case, that no reasonable jury could find for the non-moving party.  *See United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991); *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  When the non-moving party has the burden of proof at trial, the moving party can satisfy this burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element of his or her claim on which that party will bear the burden of proof at trial.  *See id.* at 322-23.  If the moving party fails to

discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party meets the initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. "The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient." *Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) (citing *Anderson*, 477 U.S. at 252); *see also Matsushita*, 475 U.S. at 586 (if the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment by merely demonstrating "that there is some metaphysical doubt as to the material facts"). It is insufficient for the party opposing summary judgment to "rest upon the mere allegations or denials of [his or her] pleadings." Fed. R. Civ. P. 56(e). Rather, the party opposing summary judgment must "by [his or her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P 56(e)). "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). In addition, the Court is not obligated "to scour the records in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)). "[T]he district court may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001).

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita*, 475 U.S. at 587 (citing *First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). Moreover, "[a] district court must enter summary judgment against a party who fails to make a showing sufficient to establish an essential element of a claim, even if genuine factual disputes exist regarding other elements of the claim." *Cunningham v. City of Wenatchee*, 214 F. Supp. 2d 1103, 1110 (E.D. Wash. 2002) (citing *Celotex*, 477 U.S. at 323-24.)

06cv0055 J (JMA)

*Discussion*

Defendants argue that "Plaintiff has not and cannot make a sufficient showing on the essential elements of his claims" and Plaintiff's claims "have no factual or legal merit whatsoever and that [Plaintiff's] summary judgment motion is unsupported by any competent evidence or legal authority." (Def. WMC's Mot. Summ. J. at 4; Defs.' Joinder at 2.)  While Plaintiff's Complaint and motion papers are largely unintelligible, the Court **CONSTRUES** pro se motions and pleadings liberally.  *See, e.g., Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).  For the reasons discussed below, the Court **GRANTS** Defendants' Motion for Summary Judgment on all claims.

## I.   Fraudulent Misrepresentation

Plaintiff alleges that WMC "took full advantage of [WMC's] superior knowledge and added a promissary [sic] note with the loan agreement misrepresenting the promissary [sic] note as only evidencing indebtness [sic] owed the beneficiary." (Compl. at 8.)  Plaintiff also alleges that WMC "fail [sic] for [sic] giving Patrick Arrundale a meaningful disclosure that Patrick Arrundale's promissory note is a negotiable instrument and the paper currency that WMC . . . deposit[s] into [its] own account, creating credit on [sic], WMC . . . own books [sic] and book keeping entry, and the credit WMC . . . is using in the loan agreement [sic], a false representation of the material facts by WMC . . . ." (*Id.*)  Plaintiff also alleges WMC "know[s] and should have known the loan representation is [sic] being made with reckless disregard of the truth intended for causing [sic] Patrick Arrundale for acting in reliance on the misrepresentation with intent for [sic] deceiving Patrick Arrundale by depositing . . . the promissory note . . . into WMC's own account creating the credit [sic]." (*Id.* at 9.)  Plaintiff further alleges that the first deed of trust is a "fraudulent, illegal, and immoral transaction, an [sic] unconscionable contract and absolutely void at law [sic] having no force and affect [sic] whatsoever." (*Id.* at 10.)  For the reasons set forth below, the Court **GRANTS** Defendants' Motion for Summary Judgment as to Plaintiff's claim for fraud.

//

//

### A.   *Assignment of Fraud Claim*

The first issue that the Court must address is whether Plaintiff may bring this claim for fraud on behalf of Patrick Arrundale, a non-party to the present action.  Defendants argue that Plaintiff is not the real party in interest, does not have standing, and has not demonstrated authorization to file suit on behalf of Arrundale.  (*See* Def. WMC's Mot. Summ. J. at 5.)  However, the question is whether Arrundale has assigned to Plaintiff the right to bring a cause of action for fraud.

After commencing this action, Plaintiff filed a "power of attorney" for Plaintiff on behalf of Arrundale.  [Doc. No. 52.]  The "power of attorney" states that Arrundale "grants Richard Leland Neal the Power of Attorney for dealing with the Plaintiff's cause of action" in the present case.  (*See* Notice of Power of Att'y.)  However, a non-attorney, such as Plaintiff, cannot represent a pro se litigant.  *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, [h]e has no authority to appear as an attorney for others than himself.")  Accordingly, Plaintiff's "power of attorney" does not allow Plaintiff to represent Arrundale.

However, the California Civil Code sets forth the general theory of assignability:  "[a] thing in action, arising out of the violation of a right of property, or out of an obligation, may be transferred by the owner."  Cal. Civil Code § 954; *see also* Cal. Civil Code § 953 ("A thing in action is a right to recover money or other personal property by a judicial proceeding.").  Assignability of rights is now the rule and nonassignabiity is the exception.  *See Baum v. Duckor, Spradling & Metzger*, 72 Cal. App. 4th 54, 65 (Cal. App. 1999).  "The exception is confined to purely personal torts-those involving wrongs done to the person, reputation or feelings of the injured party are not assignable."  *McLaughlin v. National Union Fire Ins. Co.*, 23 Cal. App. 4th 1132, 1146 (Cal. App. 1994).  "Thus, a 'naked' cause of action for fraud, 'unconnected with any property or thing which had itself a legal existence and value independent of the right to sue for fraud' is not assignable."  *Id*. (quoting *Jackson v. Deauville Holding Co.*, 219 Cal. 498, 502 (1933)).  Accordingly, California law permits assignment of causes of action for fraud relating to property.  *See Osuna v. Albertson*, 134 Cal. App. 3d 71 (Cal. Ct. App. 1982); *Am. Trust Co. v. Cal. Western States Life Ins.*, 15 Cal. 2d 42, 67 (Cal. 1940).  Thus, a

06cv0055 J (JMA)

fraud claim could be assigned as it relates to the loan agreement made for the promissory note and deed to the subject property.

However, Plaintiff has not demonstrated that Arrundale has, in fact, assigned the fraud claim to him.  "[P]roof of the intent to assign must be 'clear and positive' to protect the obligor . . . from any further claim by the primary obligee.  In other words, the assignment must describe the subject matter of the assignment with sufficient particularity to identify the rights assigned. *Mission Valley East, Inc. v. Cty of Kern*, 120 Cal. App. 3d 89, 96-97 (Cal. Ct. App. 1981). Though, "[i]t is the substance and not the form of a transaction which determines whether an assignment was intended.  If from the entire transaction and the conduct of the parties it clearly appears that the intent of the parties was to pass title to the chose in action, then an assignment will be held to have taken place." *McCown v. Spencer*, 8 Cal. App. 3d 216, 225 (Cal. Ct. App. 1970).  Here, Plaintiff's "power of attorney" does not indicate that Arrundale is assigning his causes of action to Plaintiff.  Rather, it "grants Richard Leland Neal the power of attorney for dealing with the Plaintiff's cause of action" and states that "Richard Leland Neal shall have the full power of attorney for acquiring all necessary documents and otherwise implement any and all actions necessary for acquiring information from witness [sic] and . . . Defendants."  (*See* Notice of Power of Att'y.)  It is unclear whether Arrundale is referring to himself as "Plaintiff" or to Mr. Neal.  Nevertheless, while Arrundale attempts to give Plaintiff power of attorney to deal with the cause of action, it is not evident that Arrundale intended to assign away his cause of action to Plaintiff.  In fact, Plaintiff testified that he acquired the property in return for a "promis[e] to file an action against the defendants and return the money wrongfully taken by the defendants for Patrick Arrundale."  (Ex. G, Interrog. Resp. No. 8.)  Additionally, Plaintiff lists Arrundale as a person who will receive a portion of the damages sought as part of this action. (Ex. G, Interrog. Resp. No. 10.)  Thus, Arrundale intended to maintain an interest in the return of the money that was allegedly taken by fraud.

Additionally, the language of the quitclaim deed provided by Plaintiff also does not indicate that Plaintiff has assigned his causes of action.[2]  The quitclaim deed states that "Thomas

---

[2] The effect of the quitclaim deed is addressed below.

Polander, as Trustee for the Via Bernardo Trust dated on November 1, 2004, for the tract of: [sic] land character herein and forever quit-claims for:  Richard Leland Neal, a free, single, sovereign, white, man, on the land with all rights, immunities, and appurtenances of whatsoever nature, by authority of assignment for the tract of" the subject property.  (Compl., Ex. 2.)  Thus, there is no indication that Arrundale expressly or impliedly intended to assign all his rights relating to the subject property to Plaintiff or that Thomas Polander could or even intended to assign Arrundale's rights to Plaintiff.

Accordingly, Plaintiff has not shown and the circumstances of the case fail to indicate that Arrundale assigned his causes of action based on the subject property to Plaintiff.  The Court, thus, **GRANTS** Defendants' Motion for Summary Judgment as to the fraud claim.  Nevertheless, even assuming Arrundale's causes of action have been properly assigned to Plaintiff, Plaintiff has failed to demonstrate or set forth a genuine issue of material fact as to his claim for fraudulent misrepresentation.

### B.  *Fraud*

As provided above, Plaintiff has not shown that he has been assigned the rights to Arrundale's cause of action for fraud.  However, evening assuming for the sake of argument that Plaintiff has been assigned such rights, Plaintiff still fails to set forth any evidence of fraudulent misrepresentation in connection with the subject property.  Furthermore, Plaintiff has not set forth facts or any evidence to establish that he, himself, can establish a cause of action for fraud.

In order to demonstrate fraud, Plaintiff must establish:

> (1) a false representation or concealment of a material fact (or, in some cases, an opinion) susceptible of knowledge, (2) made with knowledge of its falsity or without sufficient knowledge on the subject to warrant a representation, (3) with the intent to induce the person to whom it is made to act upon it; and such person must (4) act in reliance upon the representation (5) to his damage.

*Reed v. King*, 145 Cal. App. 3d 261, 264 (Cal. Ct. App. 1983).  As described above, Plaintiff alleges that Defendants made several misrepresentations and omissions regarding the loan agreement with either the intent to deceive or reckless disregard for the truth.

Here, beyond conclusory statements and disjointed allegations, Plaintiff has failed to provide even a scintilla of evidence that Defendants made a misrepresentation or failed to disclose a material fact, that Defendants knew of any falsehood, that Defendants intended to

deceive Arrundale or Plaintiff or acted recklessly, that Arrundale or Plaintiff relied on such falsehoods, or that Arrundale or Plaintiff suffered any damage.  (*See generally* Pl.'s Mem. P. & A.; Pl.'s Mot. to Dismiss Defs.' Mot. Summ. J.; Pl.'s Aff. of Undisputed Facts; Pl.'s Aff. in Supp. Summ. J.)  It is undisputed that Arrundale agreed to and accepted the terms of the loan transaction.  (*See* Compl. at 8; Ex. B at 5; Ex. C. at 23, 24, 29, 32.)  Also, Arrundale was provided express notice and agreed to the condition that the lender may transfer the note.  (*See* Ex. B at 1.)  Additionally, Plaintiff was not a party to the subject loan transaction.  (*See* Boysen Decl. at 2.)

Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment as to Plaintiff's claim for fraud.

**II.   Quiet Title Action**

Plaintiff also brings an action to quiet title to the subject property.  In a confusing presentment of claims, Plaintiff contends that he is entitled to quiet title based on his status as a "bona fide subsequent purchaser of a possessory interest pursuant [sic] for a governmental entity," and based on the California Code of Civil Procedure, "assignor estoppel," Defendants' failure to respond to Plaintiff's "notice of acceptance," and the Uniform Commercial Code.  (*See* Compl. at 14-20, 22-23.)  Defendants argue that Plaintiff took the title subject to and with actual notice of the legal and equitable liens on the property, and thus, Plaintiff cannot establish superior title to the property or, in other words, prove the necessary elements for a quiet title action.  (*See* Def. WMC's Mot. Summ. J. at 5.)  For the reasons set forth below, the Court **GRANTS** Defendants' Motion for Summary Judgment as to Plaintiff's quiet title claim.

In a quiet title action, the plaintiff has the burden of establishing the claim to the property.  The plaintiff must prove her title to the property by a preponderance of the evidence.  *See Murray v. Murray*, 26 Cal. App. 4th 1062, 1066 (Cal. Ct. App. 1994).  "Under California law, a purchase money deed of trust 'has priority over all other liens created against the purchaser, subject to the operation of the recording laws," and "recording laws mandate that the first recorded deed of trust on real property is superior to subsequently recorded deeds."  *In re Sunset Bay Assoc.*, 944 F.2d 1503, 1508 (9th Cir. 1991) (citing Cal. Civ. Code §§ 2898(a), 1214).  Additionally, "as a general rule, the grantee of a quitclaim deed takes subject to all equities that

1   could have been asserted against the grantor." *Veterans of Foreign Wars, Post 10965 v. City of*
2   *El Paso*, 62 Cal. App. 4th 1077, 1080 (Cal. Ct. App. 1998).

3       Here, Plaintiff acquired his alleged quitclaim title subject to the first deed of trust on the
4   subject property.  On November 22, 2005 (the date Plaintiff claims to have acquired the title),
5   the subject property was already encumbered by the first deed of trust and promissory note
6   executed by Arrundale and recorded in August of 2004.  (*See* Boysen Decl. at 1-2; Exs. B, C.)
7   Thus, Plaintiff's title, if valid, is junior to the first deed of trust.  Additionally, it is undisputed by
8   Plaintiff that he had both actual and constructive notice that the subject property was
9   encumbered by the first deed of trust.  Plaintiff claims that he acquired the quitclaim deed to the
10  property in return for a "promis[e] to file an action against the defendants and return the money
11  wrongfully taken by the defendants for Patrick Arrundale;" thus indicating his actual knowledge
12  of Arrundale's loan arrangement and first deed of trust.  (Ex. G, Interrog. Resp. Nos. 8-10.)
13  Nevertheless, Plaintiff had constructive notice of the first deed of trust through its county record.
14  (*See* Compl., Ex. 1.)

15      Additionally, the foreclosure sale of the subject property extinguished whatever interest
16  Plaintiff had in the property.  The priority of the deed of trust determines the priority of the title
17  received by the foreclosure sale purchaser, and, thus a valid foreclosure eliminates all interests in
18  the property that are junior to the deed of trust.  *See R-Ranch Markets #2, Inc. v. Old Stone Bank*,
19  16 Cal. App. 4th 1323, 1327-30 (Cal. Ct. App. 1993); *Dover Mobile Estates v. Fiber Form*
20  *Products, Inc.*, 220 Cal. App. 3d 1494, 1498 (Cal. Ct. App. 1990).  In other words, "[r]eal
21  property is transferable even though the title is subject to a mortgage or deed of trust, but the
22  transfer will not eliminate the existence of that encumbrance.  Thus, the grantee takes title to the
23  property subject to all deeds of trust and other encumbrances, whether or not the deed so
24  provides.  This means that the property may be sold on foreclosure of that deed of trust if the
25  debt is not paid, even though the property is no longer owned by the original debtor."  *Nguyen v.*
26  *Calhoun*, 105 Cal. App. 4th 428, 438-439 (Cal. Ct. App. 2003).  As described further below,
27  Plaintiff's title is junior to the first deed of trust, and thus, Plaintiff took title subject to that
28  encumbrance.  Accordingly, the foreclosure of the property effectively eliminated Plaintiff's
    purported interest.

1    "In a nonjudicial foreclosure, also known as a 'trustee's sale,' the trustee exercises the

2    power of sale given by the deed of trust." *Id.* at 440 (quoting *Alliance Mortgage Co. v.*

3    *Rothwell*, Cal. 4th 1226, 1236 (1995)).  Accordingly, "[a] properly conducted nonjudicial

4    foreclosure sale constitutes a final adjudication of the rights of the borrower and lender," and "as

5    a general rule, a trustee's sale is complete upon acceptance of the final bid." *Id.* at 440-41

6    (citations omitted).  Section 2924g provides, inter alia, that "[a]ll sales of property under the

7    power of sale contained in any deed of trust or mortgage shall be held in the county where the

8    property or some part thereof is situated, and shall be made at auction, to the highest bidder . . .

9    ."  Cal. Civ. Code § 2924g.  Additionally, "[i]f the trustee's deed recites that all statutory notice

10   requirements and procedures required by law for the conduct of the foreclosure have been

11   satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly;

12   this presumption is conclusive as to a bona fide purchaser." *Nguyen*, 105 Cal. App. 4th at 441;

13   *see also* Cal. Civ. Code § 2924 ("A recital in the deed executed pursuant to the power of sale of

14   compliance with all requirements of law regarding the mailing of copies of notices or the

15   publication of a copy of the notice of default or the personal delivery of the copy of the notice of

16   default or the posting of copies of the notice of sale or the publication of a copy thereof shall

17   constitute prima facie evidence of compliance with these requirements and conclusive evidence

18   thereof in favor of bona fide purchasers and encumbrancers for value and without notice.").

19   Additionally, "a nonjudicial foreclosure sale is accompanied by a common law presumption that

20   it "was conducted regularly and fairly," and "this presumption may only be rebutted by

21   substantial evidence of prejudicial procedural irregularity." *Melendrez v. D & I Investment, Inc.*,

22   127 Cal. App. 4th 1238, 1258 (Cal. Ct. App. 2005).

23         Here, Arrundale defaulted on the promissory note, and notice of default was served and

24   recorded on September 27, 2005.  (*See* Boysen Decl. at 2; Sconyers Decl. at 2; Ex. D.)

25   Approximately two months following the recording of default, Plaintiff recorded a quitclaim

26   deed to the subject property on November 22, 2005.  (*See* Compl. ¶ 40; Ex. 2.)  On January 4,

27   2006, a notice of the trustee's sale of the subject property was recorded.  (*See* Sconyers Decl. at

28   2; Ex. E; Compl., Ex. 3.)  To date, neither Plaintiff nor any other person has tendered or offered

     to tender payment to cure the default.  (*See* Sconyers Decl. at 3.)  On January, 20, 2006, the

trustee's public auction took place as scheduled in the notice of sale.  (*See* Sconyers Decl. at 2; Ex. F.)  At the public auction, the subject property was sold to Property Asset Management, Inc. for $470,586.16.  (*See* Sconyers Decl. at 2; Ex. F.)  The trustee's deed upon sale was recorded on May 19, 2006.  (*See* Sconyers Decl. at 2; Ex. F.)  The deed states that the auction was held in the County of San Diego and complied with all statutory notice requirements and procedures required by law.  (*See id*.)

Additionally, the Court finds and Plaintiff fails to dispute that Property Asset Management was a bona fide purchaser for value.  A "bona fide purchaser is one who pays value for the property without [actual or constructive] notice of any adverse interest or of any irregularity in the sale proceedings." *Nguyen*, 105 Cal. App. 4th at 441 (citing *Hochstein v. Romero*, 219 Cal. App. 3d 447, 451 (Cal. Ct. App. 1990)).  As described below, no evidence has been provided that Property Asset Management had actual notice of the instant action and Plaintiff failed to file a lis pendens to provide constructive notice.  Additionally, it is undisputed that Property Asset Management paid $470,586.16 at the foreclosure sale for the subject property.  (*See* Sconyers Decl. at 2; Ex. F.)  Accordingly, a conclusive presumption exists that the sale has been conducted regularly and properly.

Nevertheless, even if the presumption were rebuttable, Plaintiff has also failed to provide any evidence that the foreclosure sale was not properly conducted.  As described above, Plaintiff has failed to establish a claim for fraud based on the original loan transaction with Arrundale. However, in a conclusory fashion and without supporting evidence, Plaintiff claims that "Defendants fail to provide proof as to any right and authority to hold a trustee sale."  (Pl.'s Mot. Summ. J. at 4.)  Plaintiff also claims that Defendants' Motion for Summary Judgment fails since "the Defendant is not the holder of the original note described in that Deed of: [sic] Trust, security-agreement and assignment of: [sic] rents, dated on 08/13/2004."  (Pl.'s Mem. P. & A. in Supp. Mot. Dismiss at 4.)  However, the actual existence of note is not disputed, a copy of the note is provided, and its accuracy is not disputed by Plaintiff.  Additionally, Arrundale was provided express notice and agreed to the condition that the lender may transfer the note.  (*See* Ex. B at 1.)  Nevertheless, the allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid.  *See R.G. Hamilton Corp.*

*v. Corum*, 218 Cal. 92, 94, 97 (1933); *California Trust Co. v. Smead Inv. Co.*, 6 Cal. App. 2d 432, 435 (Cal. Ct. App. 1935). Lastly, Plaintiff also claims that Defendants' failure to respond to Plaintiff's "notices of acceptance" bars and estops Defendants from disputing Plaintiff's cause of action. (*See* Pl.'s Aff. in Supp. Summ. J. at 3, 11.) However, Plaintiff fails to cite and the Court is unaware of any authority which would preclude Defendants from ever opposing Plaintiff's contentions.

Additionally, Plaintiff has failed to comply with the mandatory requirements of a quiet title action. Pursuant to the California Code of Civil Procedure, "[i]mmediately upon commencement of the action, the plaintiff shall file a notice of the pendency of the action in the office of the county recorder of each county in which any real property described in the complaint is located." Cal. Civ. Proc. Code § 761.010. "As a general rule, recording of an interest in or claim against real property acts as constructive notice to later purchasers of the real property." *In re Hathaway Ranch Partnership*, 127 B.R. 859, 865 (Bankr. C.D. Cal. 1990) (citing *In re Marino*, 813 F.2d 1562 (9th Cir. 1987)). And, "under California law, the procedure for giving notice of a disputed real property interest is the recordation of a lis pendens." *See id*. Here, Plaintiff has not filed a lis pendens in connection with the instant quiet title action as required under California law. (*See* Mann Decl. at 2.) "It is well settled in this state that the mere pendency of an action, without more, does not impart constructive notice to all the world of the fact of such litigation." *Agnew v. Cronin*, 148 Cal. App. 2d 117, 126 (Cal. Ct. App. 1957). Accordingly, Plaintiff failed to impart any constructive notice prior to the foreclosure sale.

Even if the Court granted Plaintiff's action to quiet title, the foreclosure sale buyer, Property Asset Management would not be bound by the judgment. Pursuant to California Code of Civil Procedure Section 764.045:

> [T]he judgment does not affect a claim in the property or part thereof of any person who was not a party to the action if any of the following conditions is satisfied:
> (a) The claim was of record at the time the lis pendens was filed or, if none was filed, at the time the judgment was recorded.
> (b) The claim was actually known to the plaintiff or would have been reasonably apparent from an inspection of the property at the time the lis pendens was filed or, if none was filed, at the time the judgment was entered. Nothing in this subdivision shall be construed to impair the rights of a bona fide purchaser or encumbrancer for value dealing with the plaintiff or the plaintiff's successors in interest.

13

1  Cal. Civ. Proc. Code § 764.045.  Here, a lis pendens was never filed by Plaintiff, and Plaintiff

2  has not demonstrated that he is a bona fide purchaser for value.  Thus, failure to file the lis

3  pendens would make any judgment ineffective against Property Asset Management.

4  Accordingly, based on Plaintiff's failure to record a lis pendens and a lack of demonstration that

5  Property Asset Management had actual notice of the action, granting Plaintiff's quiet title action

6  would be improper.

7          As discussed above, Plaintiff has failed to establish, or dispute with material facts, a quiet

8  title claim as to the subject property.  Accordingly, the Court **GRANTS** Defendants' Motion for

9  Summary Judgment as to Plaintiff's quiet title claim.

10                                            *Conclusion*

11          For the reasons set forth above, the Court **GRANTS** Defendants' Motion for Summary

12  Judgment as to all of Plaintiff's claims.

13

14          **IT IS SO ORDERED.**

15

16  DATED:  July 23, 2007

17  _____

18  HON. NAPOLEON A. JONES, JR.
    United States District Judge

19  cc:  Magistrate Judge Adler
           All Parties

20

21

22

23

24

25

26

27

28

06cv0055 J (JMA)